IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

T-MOBILE NORTHEAST LLC,                 *

    Plaintiff,                          *

       v.                           *      Civil Action No. RDB-11-729

HOWARD COUNTY                          *
BOARD OF APPEALS,
                                       *
    Defendant.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

On March 30, 2012, this Court entered its Memorandum Opinion (ECF No. 27) and Order (ECF No. 28) awarding summary judgment to Defendant Howard County Board of Appeal ("Defendant" or "the Board") and against Plaintiff T-Mobile Northeast LLC ("Plaintiff" or "T-Mobile").  On April 13, 2012, Plaintiff filed the pending Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and supporting memorandum (ECF No. 29).  For the reasons stated below, the Plaintiff's Motion for Reconsideration is DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum Opinion of March 30, 2012 (ECF No. 27).  To summarize, this action arose out of the Defendant Howard County Board of Appeals' ("the Board") denial of the Plaintiff T-Mobile Northeast LLC's ("T-Mobile") conditional use petition for the construction of a commercial communications tower and commercial antenna on the property of the Shepherd of the

Glen Lutheran Church located at 14551 Burntwoods Road in Glenwood, Maryland. On November 20, 2009, Plaintiff T-Mobile Northeast LLC ("T-Mobile"), a Delaware limited company, submitted a conditional use petition to the Howard County Hearing Authority to obtain a permit to construct a commercial communications tower and communications antenna on the property of the Shepherd of the Glen Lutheran Church in Glenwood, Maryland. Pl.'s Compl., ¶¶ 1, 20, 35, ECF No. 1. The proposed 100-foot concealed monopole and fenced equipment compound ("the Proposed Facility") was meant to enable T-Mobile to close the alleged significant gap in service coverage occurring in the area "along Burntwoods Road, Danmark Drive, Sharp Road, Roscommon Drive and Hobbs Road, as well as in the developed surrounding residential neighborhoods." *Id.* ¶¶ 14, 21. As the Proposed Facility was to be located in a Rural Residential-Density Exchange Option ("RR-DEO") Zoning District, T-Mobile's application was required to comply with the standard for conditional use permits set forth in Section 131.N.14 of the Howard County Zoning Regulations ("Zoning Regulations" or "HCZR"). *Id.* ¶¶ 29-34.

After a review of the T-Mobile application documents and evidence, the Howard County Department of Planning and Zoning issued a Technical Staff Report in support of granting T-Mobile's request. Pl.'s Compl., ¶ 37. A public hearing was then held on March 1, 2010 before the Howard County Board of Appeals Hearing Examiner. *Id.* ¶ 38. The Hearing Examiner issued an order denying T-Mobile's application but indicating that T-Mobile had complied with Section 131.N.14.b.(1) of the Zoning Regulations. *Id.* ¶ 39. As a result, T-Mobile filed an appeal petition of the Hearing Examiner's decision with the Howard County Board of Appeals ("the Board"). *Id.* ¶ 40.

The Board conducted a hearing over three days, on July 29, September 28 and October 12, 2010. *Id.* ¶ 41. During the hearing T-Mobile presented evidence in support of its application and its compliance with the zoning regulations. *Id.* ¶¶ 13-14, 17-26, 42. However, T-Mobile's Proposed Facility was met with community opposition. *See* Bd. of Appeals Decision and Order, ¶¶ 15-20, at 7-8, ECF No. 1-3. Thus, on February 16, 2011, the Board denied T-Mobile's appeal and affirmed the Hearing Examiner's decision. Bd. of Appeals Decision and Order, ECF No. 1-3. In a twelve-page decision and order, the Board found that T-Mobile did not comply with the requirements of Sections 131.B.2.d and 131.N.14.b.(1) in that it failed to "meet its burden of production and persuasion of demonstrating that [(1)] the ingress and egress drive will provide safe access with adequate sight distance, based on actual conditions . . . [and (2)] a diligent effort has been made to locate the proposed communication facility on a government structure . . ." Bd. of Appeals Decision and Order 10-11, ECF No. 1-3.

As a result, T-Mobile filed the Complaint in this case on March 18, 2011 alleging in Counts I and III that the Board's denial was not supported by substantial evidence in violation of Section 332(c)(7)(B)(iii) of the Telecommunications Act of 1996 as amended ("TCA"), 47 U.S.C. § 332, and Maryland law. Pl.'s Compl., ¶¶ 60-66, 77-82. Additionally, Count II alleged that the Board's decision had the effect of prohibiting the provision of personal wireless services in violation of Section 332(c)(7)(B)(i)(II) of the TCA. *Id.* ¶¶ 77-67-76. T-Mobile sought an injunction ordering the Board to grant its petition for the construction of the Proposed Facility and all ancillary permits, including, without limitation the Conditional Use for which T-Mobile applied. *Id.* ¶ 83. T-Mobile also sought a judgment

declaring that the Board's decision violated the TCA and Maryland law. *Id.* However, after a review of the discovery materials and pleadings, this Court entered its Memorandum Opinion (ECF No. 27) and Order (ECF No. 28) awarding summary judgment to Defendant Howard County Board of Appeal ("Defendant" or "the Board") and against Plaintiff T-Mobile Northeast LLC ("Plaintiff" or "T-Mobile") on March 30, 2012.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration."  Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment.  *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011).  As this Court has explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b).  *See* Fed. R. Civ. P. 59(e) & 60(b).  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.  *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).  Here, Plaintiff filed its Motion for Reconsideration, expressly pursuant to Rule 59(e), on April 13, 2012.  This Court entered its Order awarding summary judgment to the Board on March 30, 2012.  Plaintiff's motion was filed 14 days after entry of judgment, and is therefore timely under Rule 59(e).  As a result, this Court will consider Plaintiff's arguments under Rule 59(e).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final[1] judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.,* *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

T-Mobile has not met the high bar it faces to succeed on its Motion for Reconsideration. T-Mobile does not argue nor has there been an intervening change in

---

[1] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

controlling law since this Court's Memorandum Opinion and Order of March 30, 2012. Moreover, no new evidence has come to light. T-Mobile only purports to identify a clear error of law or manifest injustice in this Court's Memorandum Opinion and Order. Specifically, T-Mobile argues that this Courts inclusion of the sentence "a reasonable mind is the mind of a reasonable legislator," *T-Mobile Northeast LLC v. City Council of the City of Newport News, et al.*, 674 F.3d 380, 386 (4th Cir. Mar. 26, 2012), was tantamount to this Court's application of that standard to this case. However, a more complete review of this Court's Memorandum Opinion, demonstrates that this Court was merely reciting past precedent and analyzing its relevance as well as application in the context of Maryland law. In fact, following that sentence the Court went on to state:

> However, the Fourth Circuit has noted that "[a] court is not free to substitute its judgment for the [board's]; it must uphold a decision that has 'substantial support in the record as a whole' even if it might have decided differently as an original matter." *AT&T v. Virginia Beach*, 155 F.3d at 430 (*quoting NLRB v. Grand Canyon Mining Co.*, 116 F.3d 1039, 1044 (4th Cir. 1997)). As the Fourth Circuit has recently instructed, this Court must only determine "whether the denial—not the application itself—is supported by substantial evidence." *T-Mobile Northeast LL, v. City Council of the City of Newport News, et al.*, No. 11-1293, --- F.3d ----, 2012 WL 990555, at *4 (4th Cir. Mar. 26, 2012). "[A] proposed telecommunications facility's inconsistency with local zoning requirements can be sufficient to establish substantial evidence supporting the denial of a zoning application." *New Cingular Wireless PCS, LLC v. Fairfax Cnty. Bd. of Sup'rs*, No. 10-283, 2010 WL 4702370, at *4 (Nov. 10, 2010).
>
> In this case, the Howard County Zoning Regulations ("Zoning Regulations" or "HCZR") require for the issuance of a conditional use permit for telecommunication facilities that the applicant make a diligent effort to locate the proposed facility on a government structure and also that there be proof that "ingress and egress drives will provide safe access with adequate sight distance, based on actual conditions. . ." HCZR §§ 131.B.2.d, 131.N.14.b.(1). However, the Board held that T-Mobile did not sufficiently comply with the "diligent effort" requirement and that it was "unable to make a determination that the ingress and egress drive will

> provide safe access with adequate sight distance, based on actual conditions." Bd. of Appeals Decision and Order 10-11, ECF No. 1-3.

Mem. Op. 9-10, ECF No. 27. This Court then determined that the record contained substantial evidence to support the contention that T-Mobile failed to comply with the Howard County Zoning Regulations. Particularly, the record demonstrated that T-Mobile did not make a diligent effort to locate the proposed facility on a government structure and that while the record contained implied proof regarding the safety of access, T-Mobile had failed to provide the Board with actual explicit evidence as to the safety of access. Accordingly, in reviewing the same evidence available to the Board, this Court held that the Board's denial was supported by substantial evidence because T-Mobile failed to comply with the zoning regulations. Even if evidence implying safety were sufficient, which would in and of itself contravene the explicit nature of the requirement for such evidence, T-Mobile still failed to comply with the diligent effort requirement. In short, Plaintiff failed to identify a clear error of law or manifest injustice in this Court's Memorandum Opinion and Order, nor does it point to any controlling case law or evidence that was unavailable at the time of this Court's Order that tends to show that it is entitled to relief. In other words, Plaintiff's motion does not raise any serious question about the correctness of this Court's final judgment.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff T-Mobile Northeast LLC's Motion for Reconsideration fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure.  Accordingly, it is this 22nd day of May 2012, ORDERED that:

1.  Plaintiff's Motion for Reconsideration (ECF No. 29) is DENIED; and

2.  The Clerk of the Court transmit copies of this Memorandum Order to Counsel.


/s/_____
Richard D. Bennett
United States District Judge